UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY,<br><br>    Petitioner,<br><br>    v.<br><br>SAC COUNTY JAIL,<br><br>    Respondent. | No. 2:22-cv-01769-CKD P<br><br><br><br>ORDER |

Petitioner is a county inmate proceeding pro se in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I. **Allegations in the Petition**

Based on the court's review of the petition, it appears that petitioner is challenging his conditions of confinement while a pretrial detainee at the Sacramento County Main Jail. Petitioner also contends that he was denied mental health medications for 31 days which led to him becoming suicidal.

II. **Legal Standards Governing § 1983 Actions**

Conditions of confinement claims generally must be raised in an action for violation of civil rights under 42 U.S.C. §1983, not a petition for writ of habeas corpus. Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016).

Petitioner is advised that if he decides to proceed with a civil rights action, his case will be subject to the provisions of the Prison Litigation Reform Act of 1995 ("PLRA"). Even if petitioner is granted in forma pauperis status, the PLRA requires prisoners to pay the $350 filing fee in installments which are deducted from their inmate trust accounts. See 28 U.S.C. § 1915(b)(1). The PLRA also limits the number of actions a prisoner may be permitted to file in forma pauperis if a "prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal… that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim…. See 28 U.S.C. § 1915(g).

### III.  Analysis

Based on the nature of the claims raised, the court will exercise its discretion to convert the pending proceeding to a civil rights action pursuant to 42 U.S.C. § 1983 **if petitioner consents thereto**. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84 (2006); see also Nettles v. Grounds, 830 F.3d at 936 (holding that "a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner"). Petitioner is directed to notify the court within 30 days from the date of this order whether he wants to convert his petition into a civil rights complaint. The court has provided a Notice of Election form attached to this order which petitioner may utilize to indicate his decision by returning it to the court after selecting one of the available options.

Accordingly, IT IS HEREBY ORDERED that:

1.  Within 30 days from the date of this order, petitioner shall notify the court whether he wants to convert the present habeas corpus petition into a civil rights complaint.
2.  Petitioner may utilize the attached Notice of Election form to comply with this order by selecting one of the options listed and returning it to the court within the time provided.

/////

3. Petitioner's failure to respond to this order will result in a recommendation that this action be dismissed.

Dated: January 12, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mcco1769.convert.notice

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY,<br><br>　　　Petitioner,<br><br>v.<br><br>SAC COUNTY JAIL,<br><br>　　　Respondent. | No. 2:22-cv-01769-CKD<br><br>NOTICE OF ELECTION |

**CHECK ONLY ONE OPTION:**

\_\_\_\_\_   Petitioner agrees to convert his case to a civil rights complaint under 42 U.S.C. § 1983;

**OR**

\_\_\_\_\_   Petitioner wants to proceed with his case as a habeas corpus action pursuant to 28 U.S.C. § 2254.


DATED:


　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Petitioner

4