UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY, | No. 2:22-cv-01769-CKD P |
| Petitioner, | |
| v. | ORDER |
| SAC COUNTY JAIL, | |
| Respondent. | |

    Petitioner is a county inmate proceeding pro se and in forma pauperis in this purported habeas corpus action filed pursuant to 28 U.S.C. § 2254. Based on the nature of the allegations, the court issued an order on January 12, 2023 directing petitioner to notify the court within 30 days whether he wants to convert the pending habeas corpus petition into a civil rights complaint. ECF No. 7. Petitioner filed a Notice of Election indicating his desire to proceed with this case as a civil rights complaint. ECF No. 10. Therefore, the court will direct the Clerk of Court to convert this action to a prisoner civil rights case.[1]

    Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§

---

[1] As a result, the parties shall be referred to in the remainder of this order as "plaintiff" and "defendant."

1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**I.     Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted,

2

the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II.     Motions for the Appointment of Counsel

Plaintiff has filed two separate motions requesting the appointment of counsel in this case. Based on the nature of the allegations in the complaint and the difficulties that plaintiff has had in litigating this case pro se, the court finds that the appointment of counsel is warranted in the interests of justice. The court will appoint plaintiff counsel for the limited purpose of filing an amended complaint in this case. This matter is referred to the court's ADR and Pro Bono Director to locate pro bono counsel.

### III.    Allegations in the Complaint

Plaintiff is a mentally ill inmate confined at the Sacramento County Main Jail although it is not clear to the court whether plaintiff is a pretrial detainee or is serving a sentence. Plaintiff alleges that he was denied access to his mental health medications for 31 days resulting in suicidal thoughts, auditory and visual hallucinations, and self-harm. During this period of time without his medication, plaintiff was housed in solitary confinement.

Plaintiff also challenges his conditions of confinement. Specifically, the complaint indicates that he was not provided with any blanket and that there was sewage leaking into his cell. Plaintiff slipped and fell in the sewage and was left lying on the floor in his cell for 24 hours without any medical assistance.

Based on these allegations, plaintiff asserts that his Eighth Amendment freedom from cruel and unusual punishment was violated along with the Americans with Disabilities Act.

The only defendant named in this action is the Sacramento County Jail. While plaintiff does identify the badge numbers of jail personnel, the complaint does not name any individual officers or medical personnel who were responsible for the asserted constitutional violations.

### IV.    Legal Standards

The following legal standards are being provided to plaintiff based on his pro se status as well as the nature of the allegations in his complaint.

### A. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

### C. Conditions of Confinement

Conditions of confinement claims raised by pretrial detainees are analyzed under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Nevertheless, comparable standards apply, with Fourteenth Amendment analysis borrowing from Eighth Amendment standards. Frost, 152 F.3d at 1128. "Jail officials have a duty to ensure that detainees are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Shorter v. Baca, 895 F.3d 1176, 1185 (9th Cir. 2018). To prevail on a substantive due process claim, plaintiff must establish that the restrictions imposed by his confinement constituted punishment as opposed to being incident to legitimate governmental purposes. Bell, 441 U.S. at

538. If a particular jail condition is reasonably related to a legitimate government objective, it does not amount to punishment absent a showing of an express intent to punish. Id. at 538–39.

### V. Analysis

The court has reviewed plaintiff's complaint and finds that it fails to state a claim upon which relief can be granted under federal law. The allegations in the complaint are not linked to any named defendant. The Sacramento County Jail is not a proper defendant because it is not a person under the Civil Rights Act. See 42 U.S.C. § 1983. Therefore, plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI. Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your complaint and determined that they do not state any claim against any named defendant. Your complaint is being dismissed, but you are

being given the chance to fix the problems identified in this screening order by filing an amended complaint.

The court is appointing you an attorney to assist you in filing an amended complaint. The name of the attorney appointed to represent you will be identified in a separate order and a deadline for the attorney to file your amended complaint will be set in a further order of the court.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to convert this action to a prisoner civil rights case and to modify the docket accordingly.
2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.
4. Plaintiff's motions for the appointment of counsel (ECF Nos. 4, 6) are granted.
5. The court will refer this matter to the court's ADR and Pro Bono Director, Sujean Park, to locate pro bono counsel to represent plaintiff for the limited purpose of filing an amended complaint in this matter. Counsel will be appointed by separate order once pro bono counsel has agreed to accept this appointment.
6. Plaintiff's complaint is dismissed with leave to amend.
7. The deadline for filing an amended complaint will be set by further order of the court once pro bono counsel has been identified.

Dated:  February 2, 2023

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mcco1769.14+counsel