UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY, | No. 2:22-cv-01769-CKD P |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| SAC COUNTY JAIL, | |
| Defendant. | |

Plaintiff is a former county inmate proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Plaintiff's second amended complaint is now before the court for screening.

**I.      Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

/////

1

## II. Allegations in the Amended Complaint

Plaintiff filed the second amended complaint following his release from the Sacramento County Jail. It consists of a single typewritten page followed by over 100 pages of exhibits which purport to identify the names of the jail staff who violated plaintiff's constitutional rights during his incarceration.[1] ECF No. 21.

The first page of the amended complaint specifically names Director Andrea Javist and Supervisor Alyssa Dhillon as responsible for denying plaintiff medication for his severe mental illness. ECF No. 21 at 1. Plaintiff suffered severe mental distress and ultimately attempted suicide on an unspecified date. The amended complaint also alleges that plaintiff was locked in an unsanitary cell for 72 straight hours as a form of retaliation. ECF No. 21 at 1. Sergeant Glenn "confirmed" this cruel and unusual punishment of plaintiff. Id. Plaintiff also mentions being sprayed with "flesh eating chemicals" on December 26, 2022, but does not provide any additional details.

## III. Analysis

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). To the extent that plaintiff names three individual defendants, he does not allege any specific overt acts which defendants engaged in that support plaintiff's claim of deliberate indifference to his serious medical needs. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). For all these reasons, the amended complaint must be dismissed. The court will, however, grant plaintiff one final opportunity to amend his complaint.

## IV. Plain Language Summary for Pro Se Party

The court has reviewed the allegations in your amended complaint and determined that

---

[1] The court is not required to dig out the names of the defendants buried in 100 pages of plaintiff's exhibits. See United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (emphasizing that "[j]udges are not pigs, hunting for truffles buried in briefs.").

they do not state any claim against the defendants. Your amended complaint is being dismissed, but you are being given one last chance to fix the problems identified in this order.

You may file a third amended complaint within 30 days from the date of this order. If you choose to file a third amended complaint, pay attention to the legal standards attached to this order. An amended complaint should include: 1) the name of defendant(s); 2) the action(s) performed or failed to be performed by defendant(s); 3) the date or time frame of the action(s); 4) how the action caused injury to you; and 5) the specific constitutional provision the defendant(s)' action violated.

## V.     Standards Governing Amended Complaints

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the third amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's third amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a third amended complaint, the original pleading no longer serves any function in the case. Therefore, in a third amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The third amended complaint must bear the docket number assigned this case and must be labeled "Third Amended Complaint."

3. The failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: January 18, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mcco1769.14amd.new.SAC

4

# Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the complaint.

### A.  Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### C.  Monell Liability

Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is

when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. Monell, 436 U.S. 658, 690 (1978); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To properly plead a Monell claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a " 'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.' " Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (quoting Ulrich v. City & Cnty. of San Francisco, 308 F.3d 968, 984-85 (9th Cir. 2002)).

### D. Deliberate Indifference

Denial or delay of medical care for a prisoner's serious medical needs may constitute a violation of the prisoner's Eighth and Fourteenth Amendment rights. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). An individual is liable for such a violation only when the individual is deliberately indifferent to a prisoner's serious medical needs. Id.; see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

In the Ninth Circuit, the test for deliberate indifference consists of two parts. Jett, 439 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id., citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of

comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096. This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Id. at 839. A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that Defendants should have known this to be the case." Hallett, 296 F.3d at 745-46; see McGuckin, 974 F.2d at 1060.

**E.   Excessive Force**

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7

(1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (1992) (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Hudson, 503 U.S. at 7. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

    **F.**  **Conditions of Confinement**

It is unclear whether plaintiff was a pretrial detainee or serving a sentence during the relevant time frame alleged in the amended complaint. As a result, the court will provide plaintiff with the relevant legal standards governing challenges to his conditions of confinement as a pretrial detainee as well as a convicted inmate.

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The first prong is an objective prong, which requires that the deprivation be "sufficiently serious." Lemire v. Cal. Dep't of Corr. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013) (citing Farmer, 511 U.S. at 834). In order to be sufficiently serious, the prison official's "act or omission must result in the denial of the 'minimal civilized measure of life's necessities." Lemire, 726 F.3d at 1074. The objective prong is not satisfied in cases where prison officials provide prisoners with "adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quoting Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982)). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d at 732 ("[m]ore modest deprivations can also form the objective basis of a violation, but only if such deprivations are lengthy or ongoing"). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

Eighth Amendment violation. Farmer, 511 U.S. at 834; Hudson v. McMillian, 503 U.S. 1, 9 (1992). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d at 731.

The second prong focuses on the subjective intent of the prison official. Peralta, 774 F.3d at 1082 (9th Cir. 2014) (citing Farmer, 511 U.S. at 837). The deliberate indifference standard requires a showing that the prison official acted or failed to act despite the prison official's knowledge of a substantial risk of serious harm to the prisoner. Id. (citing Farmer, 511 U.S. at 842); see also Redman v. Cnty. of San Diego, 942 F.2d 1435, 1439 (9th Cir. 1991). Mere negligence on the part of the prison official is not sufficient to establish liability. Farmer, 511 U.S. at 835.

"The more protective fourteenth amendment standard applies to conditions of confinement when detainees ... have not been convicted of a crime." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (internal quotations and citations omitted). The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536 (1979). To not constitute punishment, the due process clause of the Fourteenth Amendment "requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Jackson v. Indiana, 406 U.S. 715, 738 (1972).