UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY, | No. 2:22-cv-1769 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| SAC COUNTY JAIL, et al. | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff Jerome Eli McCoy, a county inmate, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302. See 28 U.S.C. § 636(b)(1). Plaintiff's third amended complaint ("TAC") is before the court for screening. The TAC states a deliberate indifference claim against defendants Darwin and Jarvis in connection with the denial of plaintiff's medication for 30 days. No other claims are stated.

By separate order, the court will order service on the defendants. By these findings and recommendations, the undersigned recommends all other claims be dismissed without further leave to amend. The court also denies without prejudice plaintiff's motion for appointment of counsel and denies as unnecessary plaintiff's motion for an extension of time.

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

1

claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.    Allegations in the TAC**

Plaintiff alleges he was deprived of constitutionally adequate medical and mental health care when he went without his medication for 30 days at the Sacramento County Jail. (ECF No. 27 at 2.) Plaintiff identifies both Andrea Jarvis and medical disability staff supervisor Darwin as responsible for denying him his medication. (Id.) Plaintiff alleges Andrea Jarvis called him fat and lazy and said he was not getting his medicine and to stop asking her staff. (Id.) Plaintiff alleges supervisor Darwin denied him his medication from the beginning and stated she was in charge of not allowing him to have it. (Id.)

Plaintiff needs his medication to keep a balance in life because it is already hard for him to comprehend reality. (Id.) The denial of medication for 30 days tortured plaintiff and put him in agony. (Id.) During that time, he was cutting on himself and experienced intense mental anguish. (Id.)

2

### III. Discussion

The court considers whether plaintiff has stated a claim for a violation of his constitutional rights based on deliberate indifference to his health or safety under 42 U.S.C. § 1983. It appears plaintiff was a pre-trial detainee in jail at the relevant time. Pre-trial detainees "are protected by the Fourteenth Amendment's Due Process Clause, as well as specific substantive guarantees of the federal Constitution, such as the First and Eighth Amendments." Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). Under the Due Process Clause of the Fourteenth Amendment, "detainees have a substantive due process right against restrictions that amount to punishment." Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (citing United States v. Salerno, 481 U.S. 739, 746 (1987)).

Claims for violations of the right to adequate medical and mental health care brought by pretrial detainees against individual defendants under the Fourteenth Amendment are evaluated under an objective deliberate indifference standard. Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Objective deliberate indifference is "more than negligence but less than subjective intent—something akin to reckless disregard." Id. at 1125 (quoting Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016)). Plaintiff may claim deliberate indifference under the Fourteenth Amendment by alleging: (i) defendant made an intentional decision with respect to the conditions of plaintiff's confinement; (ii) those conditions exposed plaintiff to a "substantial risk of serious harm"; (iii) defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved; and (iv) by not taking those measures, defendant caused plaintiff's injuries. Atayde v. Napa State Hosp., 255 F. Supp. 3d 978, 989 (E.D. Cal. 2017) (citing Castro, 833 F.3d at 1068-71).

Plaintiff's brief allegations against the defendants are sufficient to state a claim for objective deliberate indifference. Liberally construing the complaint, if the allegations are true, the court can draw the reasonable inference that defendants Jarvis and Darwin did not take reasonably available measures to provide plaintiff with his prescribed medication, despite knowing he needed it to manage risks of serious harm associated with his mental health.

3

   Plaintiff's allegations do not state any other claims. The alleged name calling by a defendant does not rise to the level of a constitutional violation. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (allegations of verbal harassment do not cause a constitutional deprivation). Moreover, the TAC does not allege any further facts in support of any other claims. Accordingly, the undersigned will recommend that all claims be dismissed other than plaintiff's deliberate indifference claims against defendants Jarvis and Darwin based on the denial of plaintiff's medication for 30 days.

### IV. Other Pending Motions

  Plaintiff has filed a motion for an extension of time, requesting additional time to obtain evidence pertaining to his arrest by Officer Powder. (ECF No. 28 at 1-2.) Officer Powder is not a defendant in this action. Because plaintiff does not proceed on any claim against Officer Powder, and because it is not clear for what purpose related to this case that plaintiff seeks an extension of time, the motion will be denied as unnecessary.

  Plaintiff requests the court to appoint him counsel and requests an order of the court giving him law library access. (ECF No. 29.) This motion will be denied without prejudice.

  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

////

4

Having considered the factors under Palmer, the court finds plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. The allegations in the complaint are not complicated, and plaintiff was able to articulate his claim pro se.

Plaintiff also requests an order for law library access. Plaintiff states the law library is resentful of giving him access, but he does not allege that he has attempted to use the law library for purposes related to this case and been denied. There is no suggestion plaintiff's right of access to the courts is being impaired. Plaintiff shows no basis for the court to make a special order that he be provided law library access.

### V.    Conclusion, Order, and Recommendation

The TAC states a deliberate indifference claim against defendants Darwin and Jarvis. By separate order, the court will direct service of the TAC on the two defendants.

Plaintiff has not stated any other claims in the TAC. Plaintiff has been granted three opportunities to amend in this case and has not been able to allege adequate facts to state any other claims. It now clearly appears that granting further leave to amend would be futile because plaintiff cannot allege facts to state further claims. Accordingly, plaintiff's other claims should be dismissed without further leave to amend. See Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (a district court can deny leave where the amendment would be futile).

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for an extension of time (ECF No. 28) is DENIED as unnecessary.
2. Plaintiff's motion to appoint counsel and for an order for law library access (ECF No. 29) is DENIED without prejudice.
3. The Clerk of Court shall assign a district judge to this case.

////
////
////
////
////

1       In addition, IT IS HEREBY RECOMMENDED that this case proceed on plaintiff's claim
2  under 42 U.S.C. § 1983 that defendants Darwin and Jarvis were deliberately indifferent to his
3  health or safety in connection with the denial of plaintiff's medication for 30 days and that all
4  other claims be dismissed without further leave to amend.
5       These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after
7  being served with these findings and recommendations, plaintiff may file written objections with
8  the court and serve a copy on all parties. Such a document should be captioned "Objections to
9  Magistrate Judge's Findings and Recommendations." Failure to file objections within the
10 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
11 1153 (9th Cir. 1991).
12 Dated:  January 28, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, mcco1769.scrn.fr

6