UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME ELI MCCOY, | No.  2:22-cv-1769-CKD |
| Plaintiff, | |
| v. | ORDER |
| SAC COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff initiated this case while he was a county inmate. Plaintiff proceeds pro se and in forma pauperis under 42 U.S.C. § 1983.

On January 22, 2026, defendant filed a motion to compel seeking an order compelling plaintiff to respond to defendant's first set of interrogatories, requests for admission, and requests for production of documents. (ECF No. 45.) Plaintiff has not timely opposed the motion.

On January 28, 2026, defendant filed a motion seeking an order for release of plaintiff's medical and psychiatric records from Sacramento County. (ECF No. 46.) Plaintiff has not timely opposed the motion.

On February 5, 2026, defendant filed a motion to compel plaintiff's attendance at his deposition and requesting an order for monetary sanctions. (ECF No. 48.) Plaintiff has not timely opposed the motion.

1

Local Rule 230(l) requires plaintiff to "file written opposition or… a statement of no opposition" to each motion discussed above and failure to do so "may be deemed a waiver of any opposition to the granting of the motion." Under Local Rule 110, failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Id. The court now specifically cautions plaintiff that failure to comply with the Local Rules or the court's orders may result in dismissal of this action.

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

With these admonitions in place, the court will grant plaintiff an extension of time to oppose defendants' pending motions. Plaintiff shall file any responses to the pending motions within 21 days of the date of this order.

Good cause appearing, IT IS HEREBY ORDERED as follows:

1. Within 21 days from the date of this order, plaintiff shall file opposition, if any, to the defendants' pending motions (ECF Nos. 45, 46, 48); defendant may file a reply within 14 days of any opposition filed by plaintiff.

2. Plaintiff is cautioned that failure to file written oppositions to the pending motions or otherwise respond to this order will be deemed as plaintiff's consent to have the action dismissed for failure to comply with these rules and a court order pursuant to Federal Rule of Civil Procedure 41(b).

3. The dispositive motion deadline of May 1, 2026 (see ECF No. 44) is VACATED and will be re-set at a later date.

Dated:  March 11, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mcco1769.nooppo.san

2