UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME ELI MCCOY,

        Plaintiff,

    v.

SAC COUNTY JAIL, et al.,

        Defendants.

No.  2:22-cv-1769-TLN-CKD P

FINDINGS & RECOMMENDATIONS

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 when he was confined in the Sacramento County Jail. He proceeds without counsel and in forma pauperis.

On January 22, 2026, defendant Jarvis filed a motion to compel seeking an order compelling plaintiff to respond to defendant's first set of interrogatories, requests for admission, and requests for production of documents. (ECF No. 45.) Plaintiff did not timely oppose the motion.

On January 28, 2026, defendant filed a motion seeking an order for release of plaintiff's medical and psychiatric records from Sacramento County. (ECF No. 46.) Plaintiff did not timely oppose the motion.

On February 5, 2026, defendant filed a motion to compel plaintiff's attendance at his deposition and requesting an order for monetary sanctions. (ECF No. 48.) Plaintiff did not timely oppose the motion.

1

On March 11, 2026, the undersigned cautioned plaintiff that his failure to file a written opposition or statement of non opposition to each pending motion violated the court's local rules and was grounds for sanctions up to and including dismissal of this case for failure to prosecute. (ECF No. 50.) Plaintiff was ordered to file any opposition to the pending motions within 21 days of the date of that order. (Id. at 2.) Plaintiff was specifically cautioned that "failure to file written oppositions to the pending motions or otherwise respond to this order will be deemed as plaintiff's consent to have the action dismissed for failure to comply with these rules and a court order pursuant to Federal Rule of Civil Procedure 41(b). (Id.) Plaintiff has not filed any opposition or otherwise responded to the court's order.

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action, the court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

The court has considered the factors set forth above and finds they favor dismissal. Plaintiff's failure to comply with the court's orders and the Local Rules suggests plaintiff has abandoned this action. This case cannot proceed without plaintiff's participation. Thus, there is no suitable alternative to dismissal.

In accordance with the above, IT IS RECOMMENDED as follows:

1. This action be DISMISSED. See Fed. R. Civ. P. 41(b); Local Rule 183(b).

2. Defendant's pending motions (ECF Nos. 45, 46, 48) be denied as moot.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

2

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 28, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 mcco2186.41b.fr

3